## LEACH v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7221.

Circuit Court of Appeals, Sixth Circuit.

June 4, 1937.

552

James Morgan Smith, of Detroit, Mich., for petitioner.

J. P. Jackson, of Washington, D. C. (James W. Morris and Sewall Key, both of Washington, D. C., on the brief), for respondent.

Before MOORMAN and SIMONS, Circuit Judges, and MARTIN, District Judge.

MOORMAN, Circuit Judge.

This is a petition to review an order of the Board of Tax Appeals assessing a deficiency tax against the petitioner for the year 1929. The petitioner acquired a tract of land in the city of Detroit prior to March 1, 1913. In 1929 he sold this land to the Hudson Motor Car Company and received therefor a cash payment of $575,000 and a tract of land of the value of $357,300, realizing a gain of $773,223.01 over the March 1, 1913, value of the property sold. The Commissioner of Internal Revenue held that there was a taxable gain to the petitioner in the transaction to the extent of the cash received by him, and the Board sustained the holding.

Petitioner contends that in computing the taxable gain, the March 1, 1913,

value of the property sold should not have been deducted from the cash plus the value of the property received, but only from the cash received. His theory is that the property received is not income until it is sold. The statutes provide otherwise. Section 112 of the Revenue Act of 1928 (26 U.S.C.A. § 112 and note) provides that upon the sale or exchange of property, the entire amount of the gain or loss determined under section 111 (26 U.S.C.A. § 111 and note) shall be recognized. Section 111 provides that the gain shall be the excess of the amount realized over the basis provided for in section 113 (26 U.S.C.A. § 113 note), which as to property acquired before March 1, 1913, is its cost or its value of that date, whichever is the greater. Section 112(b), 26 U.S.C.A. § 112(b), and note, provides that if property held for productive use or investment is exchanged solely for property of like kind, the gain shall not be recognized. Section 112(c), 26 U.S.C.A. § 112(c) and note, however, provides that if money is also received in the exchange, the gain, if any, shall be recognized, but only in an amount not in excess of the money received. In such case, although the total gain is recognized, a tax is levied only to the extent of the cash received, and taxation on the remainder of the gain, if any, is realized under section 113(a) (6), 26 U.S.C.A. § 113 note, is postponed until the property received is sold. This method of taxation as prescribed by Congress was followed by the Commissioner in levying the tax in the case at bar. There is no legal ground for attacking it. Neither is there merit in the contention that the property received was not income but gain accruing to capital. Income includes anything of exchangeable value proceeding from property. Eisner v. Macomber, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570; United States v. Phillis, 257 U.S. 156, 169, 42 S.Ct. 63, 65, 66 L.Ed. 180. The land received from the Hudson Motor Car Company was something of exchangeable value severed from the original investment.

The order of the Board of Tax Appeals is affirmed.